1 | MARCUS A. MCDANIEL, State Bar No. 151357
marcus.mcdaniel@ogletreedeakins.com
2 | LESLIE E. WALLIS, State Bar No. 128435
leslie.wallis@ogletreedeakins.com
3 | GLORIA C. JAN, State Bar No. 165440
gloria.jan@ogletreedeakins.com
4 | OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
5 | 633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
6 | Telephone: (213) 239-9800
Facsimile: (213) 239-9045

Attorneys for Respondent
MARINER HEALTH CARE, INC.
(FORMERLY KNOWN AS MARINER
POST-ACUTE NETWORK, INC.
AND ERRONEOUSLY SUED HEREIN AS
"MARINER POST-ACUTE NETWORK;
EXCEL CARE CENTER")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIU, UNITED HEALTHCARE WORKERS WEST,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MARINER POST-ACUTE NETWORK; EXCEL CARE CENTER,<br><br>　　　　Respondent. | Case No. C 07-4615 JL<br><br>**RESPONSE OF MARINER HEALTH CARE, INC. TO PETITION TO COMPEL ARBITRATION** |

---

RESPONSE OF MARINER HEALTH CARE, INC. TO PETITION TO
COMPEL ARBITRATION – C 07-4615 JL

Respondent MARINER HEALTH CARE, INC. (formerly known as MARINER POST-ACUTE NETWORK, INC. and erroneously sued herein as "MARINER POST-ACUTE NETWORK; EXCEL CARE CENTER") ("Mariner" or "Respondent"), by and through its undersigned counsel, hereby responds to the Petition to Compel Arbitration (the "Petition") of SEIU, United Healthcare Workers – West (the "Union" or "Petitioner"), filed on or about July 20, 2007, as follows:

## INTRODUCTION

1. At issue in the Petition are two grievances brought by the Union against Respondent pursuant to the terms of the parties' collective bargaining agreement. The Union's Petition is a waste of the Court's resources – Respondent has consistently taken the position that arbitration has been waived by the Union by its failure to comply with the grievance and arbitration provisions of the collective bargaining agreement and, specifically, by its failure to timely demand arbitration.

## RESPONSE

2. Respondent denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Petition, except Respondent admits that upon information and belief, Petitioner is a "labor organization" within the meaning of Section 2 of the National Labor Relations Act, codified at 29 U.S.C. § 152(5).

3. Respondent denies the allegations contained in paragraph 2 of the Petition on the following grounds: (a) Respondent's current name is Mariner Health Care, Inc., which was formerly known as Mariner Post-Acute Network, Inc.; and (b) Respondent does not operate the Excel Care Center at which the members of Petitioner are employed, and did not operate it during the relevant period at issue in the Petition.

4. Respondent denies the allegations contained in paragraph 3 of the Petition, on the ground that Mariner was no longer the employer covered by the collective bargaining agreement after Mariner ceased operation of the Excel Care Center.

5. Respondent denies the allegations contained in paragraph 4 of the Petition

except to the extent that it accurately recites the issues disputed in the grievances brought by the Union in connection with the discharges of Ngozi Obiukwu and Dalonna Losfton.

6. Respondent admits the allegations contained in paragraph 5 of the Petition to the extent that it accurately recites the terms of the parties' agreement.

7. Respondent denies the allegations contained in paragraph 6 of the Petition except to the extent that it admits that Petitioner has sought to arbitrate the disputes at issue since on or about June 26, 2007.

8. Respondent denies the allegations contained in paragraph 7 of the Petition.

### RESPONSE TO PETITIONER'S PRAYER FOR RELIEF

9. Petitioner's Prayer for Relief is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Respondent denies each and every allegation in the Prayer for Relief.

### AFFIRMATIVE DEFENSES

10. Without admitting that it carries the burden of proof as to any of the issues raised thereby, Respondent asserts the following separate defenses and prays for judgment as set forth below. Respondent hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available and it reserves the right to amend its Response to assert any such defenses, or to modify its admissions and denials herein, based on its investigation and discovery.

11. The Union's Petition fails to state facts sufficient to constitute an appropriate petition to compel arbitration.

12. The Union's Petition is barred, in whole or in part, by the Union's failure to exhaust contractual remedies contained in the grievance and arbitration provisions of the applicable collective bargaining agreement.

13. The Union's Petition is barred, in whole or in part, by the defense of waiver.

14. The Union's Petition is barred, in whole or in part, by the defense of laches.

15. The Union's Petition is barred, in whole or in part, by the defense of unclean hands.

16. The Union's Petition is barred, in whole or in part, by the failure of the Union to bring a timely grievance and/or make a timely demand for arbitration within the applicable limitations period, pursuant to the parties' collective bargaining agreement.

17. The Union's Petition is barred, in whole or in part, because Respondent is not a proper party to this proceeding in that it did not own or operate the Excel Care Center during the relevant periods alleged in the Petition.

18. The Union's Petition is barred, in whole or in part, because Respondent was not the employer of the individuals who were the subject of the grievances at issue during the relevant periods alleged in the petition.

19. The Union's Petition is barred, in whole or in part, by the Union's repudiation of the collective bargaining agreement.

20. The Union's Petition is barred, in whole or in part, because the Respondent acted at all times in good faith and did not induce, assist, participate, or engage in any act and/or omission that constitute a violation of its contractual duty to arbitrate grievances.

WHEREFORE, Respondent hereby requests dismissal of the Petition with prejudice and an award for Respondent reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

Respectfully submitted,

DATED: September 13, 2007

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Gloria C. Jan
Attorneys for Respondent
MARINER HEALTH CARE, INC.

# CERTIFICATE OF SERVICE BY UNITED STATES MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 West Fifth Street, 53rd Floor, Los Angeles, California 90071.

On September 13, 2007, I served the following document(s) described as:

**RESPONSE OF MARINER HEALTH CARE, INC. TO PETITION TO COMPEL ARBITRATION**

on the persons below as follows:

W. Daniel Boone
Weinberg, Roger & Rosenfeld
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐   deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒   placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐   (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 13, 2007, at Los Angeles, California.

Elizabeth Mendoza
Type Name                                             Signature

* (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

CERTIFICATE OF SERVICE