```
 1  W. DANIEL BOONE, Bar No. 046553
    WEINBERG, ROGER & ROSENFELD
 2  A Professional Corporation
    1001 Marina Village Parkway, Suite 200
 3  Alameda, California 94501-1091
    Telephone 510.337.1001
 4  Fax 510.337.1023
 5  Attorneys for Petitioner and
    SEIU, UNITED HEALTHCARE WORKERS WEST
 6
 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEIU, UNIITED HEALTHCARE WORKERS WEST, | ) | No.   C 07 4615 JL |
| | ) | |
| Petitioner, | ) | **JOINT CASE MANAGEMENT STATEMENT** |
| | ) | |
| v. | ) | |
| | ) | (No Trial Date Set) |
| SSC OAKLAND EXCEL OPERATING CO. L.P., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Counsel for Petitioner SEIU, United Healthcare Workers West and Respondent SSC Oakland Excel Operating Company, L.P. submit a Joint Case Management Statement pursuant to Civil Local Rule 16-9:

1. <u>Jurisdiction and Service</u>: Jurisdiction of this Court is based upon 29 U.S.C. Section 185; 9 U.S.C. § 4; and 28 U.S.C. § 1337. The First Amended Petition to Compel Arbitration has been served on Respondent, and there are no issues concerning service or jurisdiction.

2. <u>Facts</u>: Petitioner and Respondent are parties to a written Collective Bargaining Agreement, attached to the Petition as Exhibit A. Disputes concerning the claimed violation of a specific provision or provisions of the Collective Bargaining Agreement are resolved by a

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

JOINT CASE MANAGEMENT STATEMENT, Case No. C 07 4615 JL

116982/477062

grievance and arbitration procedure, culminating in final and binding arbitration.  The Union filed grievances protesting the discharges of two bargaining unit employees and claims that the Respondent Employer refuses to select an arbitrator to hear these two grievances.  Respondent alleges that the time limits for the processing of the grievance and arbitration demand as set forth in the collective bargaining agreement have not been met.  Respondent has offered to submit to arbitration conditioned upon a stipulation that so doing would not constitute a waiver of its right to challenge the arbitrability of the disputes at issue before the arbitrator or the court should it be necessary following the arbitrator's awards.  Petitioner rejected this offer.  Petitioner disputes the untimeliness claims, and argues that, regardless, such disputes are for an arbitrator to decide.

3.  <u>Legal Issues</u>: The Petition to compel arbitration is founded on the basic proposition that arbitration of a labor dispute will only be denied if it can be set "with positive assurance that the arbitration clause is not susceptible of an interpretation which covers the asserted dispute." <u>United Steelworkers v. Warrior & Gulf</u>, 363 U.S. 573 [80 S. Ct. 1347, 4 L. Ed. 2d. 1409] (1960); <u>AT & T Technologies, Inc. v. Communications Workers of America</u>, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

Petitioner's position is that federal law is well-established that all procedural issues and defenses must be submitted to and decided by the labor arbitrator so long as there is a collective bargaining agreement in existence, and the grievances are substantively arbitrable.  <u>Wiley & Sons v. Livingston</u>, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964); <u>Local Union No. 370 of Operating Engineers v. Morrison Kudsen Co.</u>, 786 F.2d 1356 (9th Cir. 1987); and <u>International Union of Operating Engineers v. Flair Builders, Inc.</u>, 406 U.S. 487, 490-92, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972).

Respondent's position is that arbitrability is for the courts to decide, and a court cannot compel arbitration until it determines whether the collective bargaining agreement creates a duty to arbitrate the dispute at issue.  <u>John Wiley & Sons, Inc. v. Livingston</u>, 376 U.S. 543, 547, 84 S. Ct. 909, 913 (1964).  Whether the parties have duty to arbitrate a particular dispute is not merely a "procedural" question, but rather, is the issue that the court is charged with deciding.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

JOINT CASE MANAGEMENT STATEMENT, Case No. C 07 4615 JL

116982/477062

<u>Francesco's B., Inc. v. Hotel and Restaurant Emp. and Bartenderns Union, Local 28</u>, 659 F.2d 1383, 1387 (9th Cir. 1981).  The collective bargaining agreement in this action has express time limits and specifies that there is no duty to arbitrate untimely claims.  Moreover, even if timeliness is to be considered a procedural question, the court may consider a strictly procedural question as to the timeliness of a demand for arbitration where, as in this case, no factual dispute exists and the resolution of the issue would preclude all need for arbitration.  See <u>Retail Delivery Drivers, Local 588 v. Servomation Corporation</u>, 717 F.2d 475, 478 (9th Cir. 1983).

    4.    <u>Motions</u>:  Counsel for Petitioner has prepared a draft Joint Statement of Undisputed Facts in Support of Motion to Compel Arbitration, together with four supporting Declarations.  With a cover letter dated November 14, 2007, these pleadings were mailed to counsel for Respondent, with a request that counsel meet and confer for the preparation of the Joint Statement of Undisputed Facts.  Counsel for Petitioner intends to file and serve a Motion to Compel Arbitration (in the nature of a Motion for Summary Judgment) as soon as possible.  Respondent intends to file a cross-motion for summary judgment as well.

    5.    <u>Amendment of Pleadings</u>:  There is no anticipated amendment of pleadings.

    6.    <u>Evidence Preservation</u>:  Not applicable.

    7.    <u>Disclosures</u>:  Because the facts of the case are straightforward and relatively simple, and given the pending meet and confer for preparation of a Joint Statement of Undisputed Facts, there has been no initial disclosure to date.

    8.    <u>Discovery</u>:  No discovery has been taken, and none is anticipated at this time..

    9.    <u>Class Actions</u>:  Not applicable.

    10.    <u>Related Cases</u>:  There are no related cases pending before another Judge of this Court, or before another Court or Administrative body.

    11.    <u>Relief</u>:  Petitioner prays for an Order requiring Respondent to arbitrate the grievances protesting the discharges of represented employees Ngozi Obiukwu and Dalonna Losfton.  Petitioner also seeks an order of attorneys' fees.  Counsel will prepare a supporting Declaration if attorneys' fees are awarded.  Respondent requests dismissal of the Petition to

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -
JOINT CASE MANAGEMENT STATEMENT, Case No. C 07 4615 JL

116982/477062

Compel Arbitration, and reasonable costs and disbursements.

12. <u>Settlement and ADR</u>: The parties have exchanged settlement offers but there are no current settlement discussions. Respondent remains open to discussing the possibility of voluntary resolution of this dispute. Given the imminent pendency of dispositive motions, counsel do not request any ADR.   12. <u>Consent to Magistrate Judge For All Purposes</u>: The parties have not all consented to have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

13. <u>Other References</u>: Counsel do not believe this case is suitable for reference to binding arbitration, a Special Master, or the Judicial Panel on Multi-District Litigation.

14. <u>Narrowing of Issues</u>: With the preparation and filing of dispositive cross-motions, counsel do not believe that the issues can be further narrowed.

15. <u>Expedited Schedule</u>: This is the type of case that can be handled on an expedited basis, and specifically, decided through dispositive cross-motions for summary judgment.

16. <u>Scheduling</u>: Dispositive motions will be filed and served on or before January 31, 2008.

17. <u>Trial</u>: This matter will be tried to the court by way of cross-motions for summary judgment.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>: Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. There are no persons, firms, partnerships, corporations, or other entities known by either party to have either a financial interest in the subject matter in controversy or in the party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

////

////

////

////

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 4 -

JOINT CASE MANAGEMENT STATEMENT, Case No. C 07 4615 JL

116982/477062

19. <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter</u>: Not applicable.

Dated: December 5, 2007

        WEINBERG, ROGER & ROSENFELD
        A Professional Corporation

        By:         /s/
           W. DANIEL BOONE
           Attorneys for Petitioner
        SEIU, UNITED HEALTHCARE WORKERS WEST

Dated: December 5, 2007

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        By:         /s/
           GLORIA JAN
           Attorneys for Respondent
        SSC OAKLAND EXCEL OPERATING CO. L.P.
        (substituted as proper Respondent by stipulation)

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

JOINT CASE MANAGEMENT STATEMENT, Case No. C 07 4615 JL

116982/477062